(51 South. 207.)

No. 17,716.

BUSH v. GREENHOWARD et al.

(Jan. 17, 1910.)

*(Syllabus by Editorial Staff.)*

HOMESTEAD (§ 111*)—EXEMPTIONS—CONSTITUTIONAL PROVISIONS.

Const. art. 245, providing that the rights to homestead under laws or contracts or obligations existing at the time of the adoption of the Constitution shall not be impaired or affected by any provision thereof, or any laws passed in pursuance thereof, does not perpetuate the prohibition in the Constitution of 1879 against mortgaging the homestead, and only means that the relative rights of debtors and creditors in the homestead as existing at the time of the adoption of the Constitution shall not be affected.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 111.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Thomas C. Bush against M. Greenhoward and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. A. Williams, for appellants. W. C. & J. B. Roberts, for appellee.

PROVOSTY, J. This suit is in foreclosure of a mortgage via ordinaria. Several defenses are pleaded in the answer, all of which, except one, are submitted without argument. We shall pass them over in the same charitable silence, and confine ourselves to the one argued. It is that homestead rights which existed under the Constitution of 1879, and have continued to exist under our present Constitution, cannot be waived, and that the homestead right of the defendants is of that character; that such rights cannot be waived, because homestead rights could not be waived under the Constitution of 1879, and have been perpetuated without change by article 245 of our present Constitution, which reads:

"Rights to homestead or exemptions, under laws or contracts, or obligations existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof."

In support of this contention, the decision of this court in the case of Gilmer v. O'Neal, 32 La. Ann. 979, is relied on.

By said article and said decision no more is meant than that the relative rights of debtors and creditors in connection with the homestead, as existing at the time of the adoption of the Constitution, should not be affected; that is to say, that property which at that time was exempt should continue so, and that property which at that time was liable to seizure in satisfaction of any particular obligation should, in like manner, continue so. It was not meant to perpetuate the prohibition contained in the Constitution of 1879 against mortgaging the homestead. On the contrary, the idea was to do away expressly with that provision.

In the instant case the homestead was waived.

We do not wish to be understood as having found on the facts that the mortgaged property was being held in severalty by the several defendants at the time the mortgage was given; or that the defendants were at

that time living on the property, or have continued to do so; or that they had then, or still have, persons dependent upon them for support, or were heads of families. On all these points such cursory examination as we have made of the evidence would lead us to decide against defendants.

Judgment affirmed.